### YOUNGHUSBAND v. COE.
### Civ. No. 14665.

District Court of the United States for the District of Columbia.

Feb. 3, 1943.

McKnight & Comstock, of Chicago, Ill., and Paul Finckel, of Washington, D. C., for plaintiff.

W. W. Cochran, Sol., of Washington, D. C., and R. F. Whitehead, Law Examiner, of Washington, D. C., for the Patent Office.

LUHRING, Associate Justice.

The complaint seeks an order directing the Commissioner of Patents to issue a design patent to the plaintiff pursuant to the provisions of Section 4915, R.S., 35 U.S.C.A. § 63.

The patent sought is on "the ornamental design for a combined bottle cap and applicator closure substantially as shown and described," and which is more particularly described in the specification as follows: "The dominant feature of applicant's design resides in a bottle of circular vase shaped contour curving from the neck directly outwardly and downwardly for substantially one-quarter of the height of the bottle, where its maximum width is substantially double that of the width of the neck, and continuing with straight lines sloping downwardly and inwardly the remaining three-quarters of the bottle to a rounded bottom substantially one-quarter larger in width than the width of the neck."

The Examiner rejected the claim and was affirmed by the Board of Appeals. The rejection and affirmance were based on the prior art as exemplified by the following patents:

Atterbury, Design 18,220, April 3, 1888.
Norvell,      "    48,757, March 21, 1916.
Piazzoli,     "    94,357, January 15, 1935.
Patterson,    2,135,239, November 1, 1938.

In addition, reference is also made to Packaging Catalog (1935), page 173, showing applicator caps.

The answer concedes that the complainant's design "may be ornamental," but denies that it is new and original and relies on the references above cited.

The court can not agree with the Patent Office. The design in issue is new and original and undoubtedly presents a new impression upon the eye. It radically differs from the designs of the references, and would not naturally occur to one of average skill in the field with the references before him.

The bottle was intended for use as a dispenser of nail polish, new to the public. This required a design that would immediately attract attention, provoke inquiry and eventually sale. Here was a challenge to the ingenuity of the inventor, and this challenge was successfully met as the evidence discloses.

Furthermore, it appears that design patents have been issued to the complainant by the patent offices of Great Britain and Canada for the identical design here in issue.

The finding is in favor of the complainant that he is entitled to the issuance of a patent in accord with his application.

Counsel will prepare and submit appropriate findings of fact and an order directing issuance of patent.